UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON JONES, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-4510 |
| A-BEAUTIFUL POOLS, INC., | § § § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE AND CLASS
ACTION COMPLAINT & JURY DEMAND**

**SUMMARY OF SUIT**

1. Plaintiff Brandon Jones ("Plaintiff") brings this lawsuit under the Fair Labor Standards Act ("FLSA") and under the common law of Texas for failing to pay wages at the minimum wage rate for all hours worked and failing to pay for all time worked by Plaintiff and a Class of similarly situated workers against Defendant A-Beautiful Pools, Inc. ("ABP" or "Defendant"). Defendant operates and manages a chain of pool facilities at private communities. The Plaintiff and Class Members were employed as lifeguards and pool maintenance workers at various facilities throughout Harris County and Texas.

2. Defendant's conduct violates the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the Class Members, be paid at least at the federal minimum wage rate for all hours worked. *See* 29 U.S.C. § 206(a). Further, Defendant's conduct violates the FLSA because Plaintiff and the Class Members were not paid at one and one-half their regular rates of pay for all hours worked in excess of forty within a single week. *See* 29 U.S.C. § 207(a).

3. Defendant's conduct violates state law because Defendant and Plaintiff had an enforceable agreement whereby Plaintiff agreed to perform work for Defendant, and in return Defendant was to pay Plaintiff and Class Members at an agreed hourly rate for all time in which they performed compensable work. Even if no enforceable agreement exists, Defendant received and accepted valuable services from Plaintiff and Class Members with notice that they expected to be paid hourly for these services, yet Defendant failed to pay Plaintiff and Class Members for services performed on Defendant's behalf prior to clocking in and after clocking out. Defendant was aware that Plaintiff and Class members performed this work, but failed to pay them at the applicable overtime and hourly rate. This practice likewise violates the FLSA and state law.

4. Therefore, Plaintiff files this action to recover on behalf of themselves and Class Members all unpaid wages and other damages owed to them under the FLSA and state law, individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which Defendant implement which have deprived Plaintiff and Class Members of their lawfully-earned wages.

5. Plaintiff seeks, on behalf of himself and the Class Members, recovery for all wages that were paid less than the minimum wages, wages that were not paid for hours worked, reimbursement for all unlawful deductions, overtime wages, liquidated damages, attorney's fees and costs.

## SUBJECT MATTER JURISDICTION AND VENUE

6. This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the Southern District of Texas because Defendant operates multiple facilities in this district and because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

8.      Plaintiff Brandon Jones worked for Defendant during the last three years throughout Harris County, Texas. Plaintiff was employed by Defendant as a lifeguard from approximately May 2016 to July 2019. His written consent to this action is attached hereto as **Exhibit A**.

9.      Defendant A-Beautiful Pools, Inc. is a limited liability company organized under the laws of Texas. Defendant is headquartered at 21175 State Highway 249, #725, Houston, TX 77070-1655. Service of process on this Defendant may be effectuated by service on its registered agent Diana L. Fraser at 12915 Lentando, Cypress, TX 77429.

10.     FLSA Class Members are all of Defendant's current and former lifeguards and pool maintenance workers employed within the three year period prior to the filing of this Complaint to the present.  The FLSA Class Members will be referred herein as "FLSA Class Members."

11.     Rule 23 Class Members are all of Defendant's current and former lifeguards and pool maintenance workers who worked less than 40 hours at any time during the four year period prior to the filing of this Complaint to the present. The Rule 23 Class Members will be referred herein as "Rule 23 Class Members."  The FLSA Class Members and Rule 23 Class Members shall be collectively referred to as "Class Members."

## FLSA COVERAGE

12.      At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

13. At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

14. Plaintiff and Class Members are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

15. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

16. Here, Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

17. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

18. Defendant employs lifeguard and pool maintenance workers throughout the state of Texas. Defendant is hired by apartment complexes and residential communities to provide pool maintenance and lifeguard services. As its website states: A-Beautiful Pools, Inc. is a complete swimming pool management company. We specialize in the operation and supervision of subdivision swimming facilities. Our goal is to provide community's (sic) with the highest safety standards. (*See* http://a-beautifulpools.com/about-a-beautiful-pools/, last visited November 15, 2019).

19. The facilities where Defendant provides its services are private facilities and not open to the public. Only residents of the communities are allowed to visit the pool facilities and there is no general membership fee or day pass.

20. Further, the majority of the facilities are open throughout the year. For example, the Copper Grove community pool is open year round.

21. To provide its services, Defendant employs lifeguards and pool maintenance workers. Defendant has employed well over 150 lifeguards and pool maintenance worker within the last 3 years.

22. Plaintiff was employed by Defendant as a lifeguard. He worked for Defendant from May 2015 to July 2019. He was paid an hourly rate that ranged from $7.50 per hour to $9.15 per hour.

23. Plaintiff regularly worked 4-5 shifts per week and often worked double shifts. Each shift was approximately 5-7 hours.

24. Unfortunately, Defendant failed to pay Plaintiff in compliance with the law

25. First, Defendant made a series of unlawful deductions from Plaintiff's pay. Defendant maintains a written policy that states that it will deduct from the pay of the Plaintiff and Class Members for: "Any fines that [are] incur[ed] due to lack of performance as set out in the Operations Manual";

26. Violations of Defendant's Operations Manual include wearing an improper uniform, talking while on the lifeguard stand, the presence of an unclean bathroom, or the use of a cell phone while on the clock.

27. These fines varied in amount from $5.00 to $50.00 per infraction. These fines were illegal because they had the net effect of reducing the pay of the Plaintiff and Class Members below the federal minimum wage rate.

28. Under the FLSA, there are two causes of action: (1) for unpaid minimum wages, 29 U.S.C. § 206, and (2) for unpaid overtime wages, 29 U.S.C. § 207. Specifically, the regulations interpreting the FLSA provide that an employer must pay its employees the

minimum wage and overtime "free and clear." *See* 29 C.F.R. § 531.35. The "free and clear" regulation states as follows:

> The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any work week when the cost of such tools purchased by the employee **cuts into the minimum or overtime wages required to be paid him under the Act.**

*Id.* (emphasis added).

29. Thus, in any week when an employee only receives pay at the minimum wage, an employer may not take deductions from the employee's wages or require the employee to incur expenses. *See, e.g., Mayhue's Super Liquor Stores, Inc. v. Hodgson*, 464 F.2d 1196 (5th Cir. 1972); *Arriaga v. Florida Pacific Farms, L.L.C*., 305 F.3d 1228 (11th Cir. 2002). That is because doing so would have the effect of reducing the employee's wages below what the FLSA requires. *Id*.

30. Defendant took regular deductions from the pay of the Plaintiff and Class Members which reduced their pay below the minimum wage.

31. Additionally, Defendant failed to pay Plaintiff and the Class Members for all hours worked.

32. Plaintiff and the Class Members were required to clock-in and clock-out via a cell phone application called "Time Tracker 365."

33. However, prior to clocking in, they were required to do a substantial amount of compensable pre-shift work. Plaintiff and the Class Members were required to arrive at their assigned work location 10-20 minutes before the start of their shift. During that time, they were required to straighten furniture, check chemicals for the pool, vacuum, and clean bathrooms,

amongst other duties. Defendant did not compensate the Plaintiff and Class Members for this compensable pre-shift work.

34. In fact, there were times when Defendant modify timecards to deduct time from the pay of the Plaintiff and Class Members.

35. Similarly, after Plaintiff and the Class Members clocked-out, they were required to do a substantial amount of post-shift work. Plaintiff and the Class Members were required to check chemicals, straighten furniture, clean bathroom, take trash out to street, tell guests to leave the facility, stack furniture, and other activities. These tasks typically took 15 minutes to 1 hour per shift. Defendant did not compensate the Plaintiff and Class Members for this compensable post-shift work.

36. Defendant paid Plaintiff an hourly rate.

37. Defendant paid the Class Members an hourly rate.

38. Plaintiff worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

39. The FLSA Class Members worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

40. Defendant's policy is to not pay overtime to the Plaintiff and FLSA Class Members when they work more than 40 hours.

41. Defendant did not pay overtime at the right of time and one half the Plaintiff's and FLSA Class Members' regular rates of pay when they worked more than 40 hours in a workweek.

42. Throughout the relevant period, Defendant expected and required Plaintiff and the Rule 23 Class Members to be available to work prior to clocking-in and subsequent to clocking-out from their respective shifts. This violates Texas law because (1) Defendant breached an

agreement with the Plaintiffs and Rule 23 Class Members by not paying them the agreed hourly rate for all hours worked, or, in the alternative, (2) Defendant received and accepted the value of Plaintiffs and Rule 23 Class Members' unpaid work with reasonable notice that Plaintiff and Class Members expected to be paid for all hours worked, or (3) Defendant has been unjustly enriched by receiving the benefit of Plaintiff's unpaid work.

43.     Defendant has employed over 250 people meeting the definition of the Rule 23 Class Members during the four-year period before this lawsuit was filed.

44.     Defendant knew or showed reckless disregard for whether Plaintiff and Class Members were entitled to minimum wages and overtime pay under the law. Defendant knew the law and intentionally chose to disregard it.

## FLSA COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiff brings this lawsuit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all employees meeting the FLSA Class definition above. Defendant has not compensated these employees for the unpaid meal breaks as described above.

46.     Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because his claims are similar to the claims possessed by FLSA Class Members.

47.     Plaintiff has actual knowledge that FLSA Class Members have been denied compensation for time worked and pay at the federal minimum wage rate. In addition, Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so were distributed.

48.     Plaintiff is similarly situated to FLSA Class Members. Like Plaintiff, Defendant subjected FLSA Class Members to its common practice, policy, or plan of refusing to pay for all

work performed, overtime, and pay at the federal minimum wage rate, in clear violation of the FLSA.

49. Other workers similarly situated to Plaintiff work, or have worked, for Defendant but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek. Further, other workers similarly situated to Plaintiff were not paid at the federal minimum wage rate for all hours worked.

50. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation.

51. FLSA Class Members perform or have performed the same or similar work as Plaintiff.

52. FLSA Class Members regularly work or have worked in excess of forty hours during a workweek.

53. FLSA Class Members are not exempt from receiving overtime compensation under the FLSA.

54. FLSA Class Members are not exempt from receiving minimum wage compensation.

55. Defendant's failure to pay overtime and minimum wage compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

56. This action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant period.

57. The specific job titles or precise job responsibilities of each FLSA Class Member do not prevent collective treatment.

58.     FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.  They are also entitled to compensation at the federal minimum wage rate for all hours worked.

59.     Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated, summed, and allocated based on a simple formula.

60.     Plaintiff's and FLSA Class Members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

61.

62.     Plaintiff estimates that the FLSA Class, including both current and former employees over the relevant period, will include more than 150 people.  The precise number of FLSA Class Members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from Class Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).  The names and addresses of the Class Members of the collective action are discoverable from Defendant.  Given the composition and size of the Class, notice will be provided to these individuals via First Class Mail, e-mail and other modes of notice similar to those customarily used in representative actions.

### COUNT ONE:  VIOLATION OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME COMPENSATION
### (COLLECTIVE ACTION)

63.     Plaintiff incorporate all allegations contained in the foregoing paragraphs.

64. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

65. Plaintiff and FLSA Class Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

66. Defendant violated and continues to violate the FLSA when it fails to pay Plaintiff and FLSA Class Members under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and FLSA Class Members have suffered a loss of wages.

67. Defendant's failure to pay overtime to Plaintiff and FLSA Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

### COUNT TWO: VIOLATION OF 29 U.S.C. § 206
### FAILURE TO PAY MINIMUM WAGE
### (COLLECTIVE ACTION)

68. Plaintiff incorporate all allegations contained in the foregoing paragraphs.

69. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of no less than the federal minimum wage rate for all hours worked per week.

70. Plaintiff and FLSA Class Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

71. Defendant violated and continues to violate the FLSA when it fails to pay Plaintiff and FLSA Class Members under 29 U.S.C. § 206 as non-exempt employees. Because of these violations, Plaintiff and FLSA Class Members have suffered a loss of wages.

72. Defendant's failure to pay the minimum wage to Plaintiff and FLSA Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## STATE LAW RULE 23 CLASS ACTION ALLEGATIONS

73. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

74. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all other similarly situated employees, pursue state-law claims for breach of contract, quantum meruit, and unjust enrichment against Defendant.

75. Plaintiff seeks certification of the following class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> **All of Defendant's current and former lifeguards and pool maintenance workers who worked less than 40 hours at any time during the four year period prior to the filing of this Complaint to the present.**

76. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's practice of failing to pay for all compensable work.

77. Throughout the relevant period, whether through an agreement, handbook, and/or policy, Defendant promised to provide Plaintiff and Rule 23 Class Members for all work they performed.

78. Throughout the relevant period, Defendant routinely knowingly allowed Plaintiff and Rule 23 Class Members to perform work before their shift and after their shift without pay.

79. Throughout the relevant period, Defendant knew that Plaintiff and Rule 23 Class Members regularly performed work before and after their shifts because Defendant's agents regularly encouraged, instructed, suffered and permitted Plaintiff and Rule 23 Class Members to perform this work and observed this work being performed on a regular basis.

80. As a result, throughout the relevant period, Defendant knew that Plaintiff and Rule 23 Class Members were not being properly compensated for all of their work.

81. Throughout the relevant period, Defendant knew that Plaintiff and Rule 23 Class Members, regardless of their specific job title or location, regularly performed work before and after their shifts without pay.

82. Regardless, during the relevant period, Defendant failed to pay Plaintiff and Rule 23 Class Members for the valuable services provided, or prohibit Plaintiff and the Rule 23 Class Members from performing such unpaid work. On the contrary, Defendant specifically authorized work to be done and received the benefit of such work.

83. Defendant maintained common work, time, and pay policies and procedures during the relevant period. As a result, Plaintiff and Rule 23 Class Members are similarly situated regardless of their job title or location, and have been regularly deprived of pay owed for work they performed in workweeks where Plaintiff and the Rule 23 Class Members worked forty hours or less.

84. As a result of their improper conduct, Defendant has retained money that they should have paid to Plaintiff and Rule 23 Class Members. By retaining this money, Defendant has received an inequitable windfall through, *inter alia*, reduced labor and operations costs and enhanced profit margins.

85. Plaintiff's state-law claims against Defendant for breach of contract, quantum meruit, and unjust enrichment against Defendant all satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

86. **Numerosity**. The class satisfies the numerosity standard as it is believed to number over 150 Rule 23 Class Members. Consequently, joinder of all Rule 23 Class Members in a single action is impracticable. The data required to calculate the size of the class is within the sole control of Defendant.

87. **Commonality**. There are questions of law and fact common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

   a. Whether Defendant had a policy and practice of requiring the Rule 23 Class Members to perform work prior to their shift without pay;

   b. Whether Defendant had a policy and practice of requiring the Rule 23 Class Members to perform work after their shift without pay;

   c. Whether Plaintiff and Rule 23 Class Members performed that went unpaid;

   d. Whether Defendant directed, required, requested, and/or permitted Plaintiff and Rule 23 Class Members to perform work before and after their shifts without pay;

   e. Whether Defendant knew or should have known that Plaintiff and Rule 23 Class Members were not compensated for all time worked;

   f. Whether agreements existed between Plaintiff and Rule 23 Class Members concerning payment for work performed before and after their shifts, and whether Defendant breached such agreements;

      g. Whether valuable services were rendered to Defendant by the Plaintiff and Rule 23 Class Members, and whether Defendant accepted the benefit of Plaintiff's and Rule 23 Class Members' unpaid services;

      h. Whether Defendant was unjustly enriched by Plaintiff's and Rule 23 Class Members' unpaid work;

      i. The proper measure of damages, including whether the reasonable value of such services can be based on the agreed hourly rate of pay.

88. **Typicality**. Plaintiff's claims are typical of those of the class because Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the prospective Rule 23 Class Members. Like the Rule 23 Class Members, Plaintiff was subject to the identical policy being required to perform work before and after shifts without pay.

89. **Adequacy**. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the Rule 23 Class Members he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who has experience in employment and class action lawsuits.

90. **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even if the event any member of the Class could afford to pursue individual litigation, doing so would unduly burden the court system. Individual litigation of potentially hundreds of claims would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Class would create risk of inconsistent and varying judicial results and establish incompatible standards of conduct for Defendant. A single class action can determine the rights of all Rule 23 Class Members in conformity with the interest of efficiency and judicial economy.

## COUNT THREE: BREACH OF CONTRACT

91. Plaintiff re-alleges and incorporates all allegations contained in the foregoing paragraphs.

92. A valid and enforceable agreement existed between Plaintiff and Defendant, and Rule 23 Class Members and Defendant, the terms and conditions of which include, but are not limited to, an agreement by Plaintiff and Rule 23 Class Members to perform services for Defendant, and for Defendant to pay Plaintiff and Rule 23 Class Members at an agreed hourly rate for all time in which they performed compensable work.

93. Plaintiff and Rule 23 Class Members duly performed under the agreement at Defendant's direction and for its benefit.

94. Defendant failed and refused to perform its obligations under the agreement by failing to pay Plaintiff and Rule 23 Class Members performed work before and after their scheduled shifts.

95. Plaintiff and Rule 23 Class Members are entitled to recover damages from these breaches for the last four years.

96. Plaintiff and Rule 23 Class Members are entitled to attorney's fees for such breach of contract.

## COUNT FOUR: QUANTUM MERUIT

97. Plaintiff re-alleges and incorporate all allegations contained in the foregoing paragraphs.  This claim is plead in the alternative to the breach of contract claim.

98. Plaintiff and Rule 23 Class Members performed valuable services for Defendant before and after their scheduled shifts.

99. These services had a reasonable value no less than the agreed hourly rate.

100. Defendant accepted and retained the benefit of Plaintiff's and Rule 23 Class Members' performance of these valuable services.

101. No contract exists between Plaintiff and Defendant, and Rule 23 Class Members and Defendant, regarding the provision of services before and after their scheduled shifts.

102. Defendant had reasonable notice and/or knowledge that Plaintiff and Rule 23 Class Members expected to be compensated for services rendered for the Defendant.

103. Defendant failed to pay Plaintiff and Rule 23 Class Members the reasonable value of the services performed during unpaid meal break periods.

104. Plaintiff and Rule 23 Class Members are entitled to recover damages under this claim for the last four years.

105. Plaintiff and Rule 23 Class Members are entitled to attorney's fees and costs under this claim.

## COUNT FIVE: UNJUST ENRICHMENT

106. Plaintiff re-alleges and incorporates all allegations contained in the foregoing paragraphs.

107. Defendant has been unjustly enriched at the expense of the Plaintiff and Rule 23 Class Members by failing to pay for pre- and post-shift work performed by Plaintiff and Rule 23 Class Members.

108. Defendant knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff and the Rule 23 Class Members, despite its policy and practice of failing to pay Plaintiff and Rule 23 Class Members for such work. In particular, Defendant received the benefit of the labor and services provided to Defendant's customers (pool facilities) by the Plaintiff and Rule 23 Class Members.

109. Such wrongful conduct demonstrates bad faith and undue advantage on the part of Defendant.

110. It would be unjust and inequitable for Defendant to retain the benefit of the unpaid work performed by Plaintiff and Rule 23 Class Members.

## DAMAGES SOUGHT

111. Plaintiff and FLSA Class Members are entitled to recover their unpaid overtime wage compensation.

112. Plaintiff and FLSA Class Members are entitled to recover their unpaid minimum wage compensation.

113. Plaintiff and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages.  29 U.S.C. § 216(b).

114. Plaintiff and FLSA Class Members are entitled to recover attorney's fees and costs as required by the FLSA.  29 U.S.C. § 216(b).

115. Plaintiff and Rule 23 Class Members are entitled to recover damages flowing from the breach of contract, the reasonable value of the services they provided, the value by which Defendant was unjustly enriched by receiving the unpaid labor, attorneys' fees and costs, pre-judgment and post-judgment interest as provided by law, and such other relief the Court deems fair and equitable.

## JURY DEMAND

116. Plaintiff hereby requests a trial by jury.

## PRAYER

117. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a. An order designating this action as a collective action on behalf of the Collective Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

b. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

c. An order finding that Defendant violated the FLSA;

d. An order finding that these violations were willful;

e. All unpaid wages;

f. An equal amount as liquidated damages as allowed under the FLSA;

g. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

h. Such other and further relief to which Plaintiff and Class Members may be entitled at law or in equity.

Respectfully submitted,

By: /s/ *Don J. Foty*
    Don J. Foty
    dfoty@kennedyhodges.com
    Texas Bar No. 24050022
    Federal ID 711552
    4409 Montrose Blvd.
    Houston, Texas 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

**LEAD ATTORNEY- IN- CHARGE FOR PLAINTIFF AND CLASS MEMBERS**