UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BRANDON JONES, ON BEHALF OF** | § | |
| **HIMSELF AND ALL OTHERS** | § | |
| **SIMILARLY SITUATED,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:19-cv-04510** |
| | § | |
| **A-BEAUTIFUL POOLS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION TO DISMISS

Plaintiff Brandon Jones, on behalf of himself and on behalf of all others similarly situated, and Defendant A-Beautiful Pools, Inc. files this Joint Motion for Approval of Settlement and Motion to Dismiss and would respectfully show the Court the following:

## I.    INTRODUCTION

Plaintiff and Defendant have reached a settlement of the pending dispute concerning unpaid minimum wages, overtime wages, and other unpaid wages claims under the Fair Labor Standards Act, 29 U.S.C § 201 *et seq.* ("FLSA") and the common law of Texas.  The settlement provides the Plaintiff and two Opt-In Plaintiffs the opportunity to receive back wages for work performed during the past three years.

Plaintiff filed this lawsuit on November 15, 2019.  The central allegation in Plaintiff's complaint was that Plaintiff was required to perform significant work off-the-clock.  Namely, Plaintiff was required to perform significant pre-shift and post-shift work without compensation.

During discovery, Defendant provided Plaintiff's Counsel with pay records and time records for the current Plaintiffs who joined this case and who worked during the relevant time period covered by this lawsuit.  Using these records, the Parties calculated the possible damages

1

awards they each believed could be available given each Party's respective position on various aspects of the case, assuming Plaintiff could establish liability in the first instance.

From January 2020 to August 2020, the Parties exchanged written correspondence and conducted multiple discussions regarding Plaintiff's theory of the case and Defendant's defenses. The Parties also discussed hours worked by the Plaintiffs and damages that might arise should Plaintiffs prevail.

On August 13, 2020, the Parties submitted their Notice of Settlement to the Court advising the Court that the Parties had reached an agreement.  Now the Parties request that the Court approve this settlement and dismiss the case with prejudice.  The final terms of the settlement are reflected in the attached Exhibit "1," which is being filed under seal.

## II.    <u>ARGUMENTS AND AUTHORITIES</u>

"Ordinarily there [is] no need" for the Court to approve the settlement of a "dispute between employer and employees [because] people may resolve their own affairs, and an accord and satisfaction bars a later suit."  *Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986).  However, this case involves claims for unpaid overtime wages brought pursuant to the FLSA, which is "designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Id.*  "Courts therefore have refused to enforce wholly private settlements." *Id., citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

Instead, most courts recognize only two valid ways by which an individual can release or settle with finality a FLSA claim: (1) a DOL-supervised settlement under 29 U.S.C. § 216(c); or (2) a court-approved stipulation of settlement. *Lynn's Food Stores,* 679 F.2d at 1353; *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960 (5th Cir. 1947) (enforcing a state court stipulated judgment entered upon disputed issues of both law and fact as *res judicata* to bar a federal FLSA

suit). Settlements in the context of litigation, where there are bona fide issues in dispute and where employees are represented by "an attorney who can protect their rights under the statute" are subject to approval by district courts "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food*, 679 F.2d at 1354.

When reviewing a proposed FLSA settlement, the district court must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1353, 1355. The endorsement of a proposed FLSA settlement by counsel for both parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, 2008 U.S. Dist. LEXIS 37449, at \*14 (S.D. Tex. May 7, 2008).

Here, the Parties agree the settlement is fair and represents a reasonable compromise of the disputed issues in this case.

**A.    The terms of the settlement provide for fair compensation for the claims raised in the lawsuit.**

The Parties' settlement is fair and reasonable. The settlement provides the Plaintiff and Opt-In Plaintiffs with a significant recovery relative to the amounts claimed to be owed to them with respect to the two year and the three-year limitations period.

The recovery reached in the Settlement Agreement is significant given that the Parties disagreed over the merits of the case. The Plaintiff argued that he worked significant amounts of time off-the-clock whereas Defendant has maintained that at all times Plaintiff was properly paid. Further, the Parties disagreed on whether the Plaintiff could satisfy his burden to demonstrate that Defendant acted willfully, which in turn affects whether Plaintiff could recover damages for two (2) years or three (3) years. *See* 29 U.S.C. § 255. The Parties also disagreed on whether Defendant

could satisfy its burden of proving good faith reliance on written administrative regulations, orders and interpretations of the Administrator of the Wage and Hour Division and, consequently, whether the Defendant had any liability for the alleged wage violations.

Moreover, the Parties disagreed as to the proper method of calculating the unpaid wages, in the event Plaintiff could prove liability. The Parties also had significant disagreement over the actual number of hours worked by the Plaintiffs.

Due to the directly conflicting factual allegations and differing views on the applicable law, the Parties believe that the amounts reflected in the Settlement Agreement are in the best interest of both sides.

More importantly, the settlement allows the Parties to resolve the claims at issue without the necessity, costs, and delay of trial and possible appeals. In exchange for these payments, the Plaintiffs will agree to release Defendant from any and all claims they may have related to wages, back pay, liquidated damages, costs, and attorneys' fees.

**B.      The settlement is fair and reasonable in light of the uncertainty of the outcome.**

The proposed Settlement Agreement is fair to the Plaintiffs because it provides for a settlement based upon the records and information produced in discovery. The damage model calculated by Plaintiff's Counsel provides for potential damages for pre and post shift activities with a calculation for unpaid minimum wages and overtime wages. The estimate of the pre and post shift work took into consideration various and conflicting positions of the Parties on the subject, such as the activities that were performed and the amount of time to perform those activities.

As noted above, Defendant produced the dates of employment and payroll data for the Plaintiffs for the entire statutory period. Plaintiff's counsel then analyzed the data to determine the amounts that counsel believes are owed to each Plaintiff.

The Court should now approve the settlement because the terms of the settlement have been approved by Plaintiff, Plaintiff's Counsel, Defendant, and Defendant's Counsel. The settlement was negotiated at arms' length. The Parties entered into the Settlement Agreement voluntarily and knowingly. The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit.

In determining whether the settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, 2010 WL 1688793, at *1 (M.D. La. 2010) (*citing Camp v. Progressive Corp.*, 2004 WL 2149079, at *5 (E.D. La. 2004)). Moreover, "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

The settlement here was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Both sides have had considerable experience in prosecuting, defending, and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation.

After the Parties reached an agreement on the settlement, the Parties engaged in extensive negotiations concerning the specific terms of the settlement and the scope of the release. The settlement documents ultimately approved and executed by the Parties are the result of very comprehensive discussions, as well as exhaustive and hard fought negotiations.

All that said, there can be no question that this Settlement Agreement represents fair value for the Plaintiffs. Each Plaintiff will receive back wages and liquidated damages under federal law without the risk or expense of trial. Indeed, the amounts recovered under the settlement are fair and reasonable.

### III.    CONCLUSION

The terms of the settlement have been approved by Plaintiff, Plaintiff's counsel, Defendant, and Defendant's Counsel. The settlement was negotiated at arms' length. The Parties entered into the Settlement Agreement voluntarily and knowingly. The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit. Accordingly, Plaintiff requests that the Court approve the FLSA settlement.

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order approving the Parties' Settlement Agreement and dismissing the case with prejudice. A proposed order is attached for the Court's consideration.

Respectfully submitted,

By: */s/ Don Foty*
Don J. Foty
State Bar No. 24050022
S.D. Tex. ID No. 711552
HODGES & FOTY, LLP
4409 Montrose Blvd., Ste 200
Houston, TX 77006
Tel: (713) 523-0001
Fax: (713) 523-1116
dfoty@hftrialfirm.com

and

By: /s/ Jason Taylor
Jason S. Taylor
State Bar. No. 24008126
CONNER & WINTERS, LLP
4000 One Williams Center

Tulsa, Oklahoma 74172-0148
(918) 586-8975
(918) 586-8675 (facsimile)
jtaylor@cwlaw.com

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I certify that on September 30, 2020 I filed this document with the Western District of Texas CM/ECF System under seal and served a copy to counsel for Defendant via electronic mail.

/s/ Don J. Foty
Don J. Foty